```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARTIN SMELING NUNEZ,                   :   10 Civ. 2460 (DLC)
                                        :
                  Petitioner,           :   08 Cr. 709-01 DLC)
                                        :
         -v-                            :   OPINION & ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                  Respondent.           :
                                        :
----------------------------------------X
```

APPEARANCES:

For Petitioner:
Paul S. Brenner
401 Broadway, Suite 306
New York, NY 10013

For Respondent:
Todd Blanche
Assistant United States Attorney
One St. Andrews Plaza
New York, NY 10007

DENISE COTE, District Judge:

Martin Smeling Nunez ("Nunez") has filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

BACKGROUND

On July 31, 2008, Nunez was indicted for conspiring to distribute and possess with intent to distribute 100 grams and more of heroin and 50 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) & (B),

and 846.  On October 22, 2008, Nunez pleaded guilty pursuant to a plea agreement with the Government (the "Agreement"), which, premised on the assumption that he would qualify for the "safety valve" adjustment, calculated his sentencing guidelines range as 57 to 71 months' imprisonment.  Specifically, the parties agreed that a sentence within the stipulated guidelines range "would constitute a reasonable sentence" under 18 U.S.C. § 3553(a), but reserved the right to seek a sentence outside the stipulated range.  The Agreement also contained a waiver of the defendant's right to litigate a sentence that did not exceed 71 months' imprisonment.  The waiver read:

> It is agreed (i) that the defendant will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above . . . .

During the plea allocution, Nunez identified the Agreement and acknowledged that he had read it and had discussed it with his attorney before signing it.  Nunez also agreed that he understood that, by signing the Agreement, he could not "appeal or litigate or challenge [his] sentence" unless the Court sentenced him to "more than 71 months in prison."

Nunez was sentenced on February 6, 2009, principally to 57 months' imprisonment.  The Presentence Report had found his sentencing guidelines range to be 57 to 71 months, and that range was adopted by the Court without objection from counsel.

During the sentencing proceeding, the Court acknowledged receipt of the parties' sentencing submissions.  Retained counsel for Nunez had submitted a one-page request for a sentence below the guidelines range.  The request was accompanied by letters and other documents supporting that request, including a document evidencing Nunez's participation in five "New York Cares" community service events between November 2008 and January 2009, medical records for Nunez's children, and family letters.

In his oral presentation during the sentencing proceeding, defense counsel reiterated a request for a non-guidelines sentence.  He emphasized that Nunez had no serious criminal record, that Nunez had been enticed to participate in the drug crimes for which he was indicted by an informant, that Nunez was employed, and that Nunez was living with and supporting his family, which included three minor children.  In his own brief remarks, Nunez also drew attention to his family and three children.

On February 17, 2009, Nunez filed an appeal in which he was represented by newly retained counsel ("appeal counsel"), who had not represented him at sentencing.  Nunez then voluntarily withdrew his appeal on August 4, 2009.

On March 8, 2010, appeal counsel filed this petition on Nunez's behalf.  The petition requests a re-sentencing, asserting that defense counsel was ineffective at the time of

3

Nunez's sentencing when he failed to seek a downward departure from the sentencing guidelines range based on Nunez's "extraordinary family ties and responsibilities and charitable service."  The petition contends that Nunez provided financial assistance to his parents and his children, was gainfully employed, and had participated in community service, as evidenced by documents that were not provided to the Court at sentencing.  It attaches emails reflecting that Nunez registered for New York Cares orientations on November 5 and 12, 2008, and that he registered with that organization to participate in a "Spruce Up Fort Greene Park" event on November 23, 2008.

The Government opposes the petition, principally relying on the Agreement's waiver of any challenge to a sentence of 71 months' imprisonment or less.  The Government also contends, however, that Nunez has not shown that his counsel at sentencing was ineffective.

## DISCUSSION

Plea agreements are contracts, and are narrowly construed against the Government.  United States v. Woltmann, __ F.3d __, 2010 WL 2652470, at *2 (2d Cir. July 6, 2010).  They are, however, enforced in accordance with their terms.  "The benefits of such waivers inure to both government and the defendant alike, with the government receiving the benefit of reduced

4

litigation, and the defendant receiving some certainty with respect to his liability and punishment."  Id. at *3 (citation omitted); see also United States v. Roque, 421 F.3d 118, 121 (2d Cir. 2005) (noting that waivers of appeal and of §§ 2241 and 2255 review are "consistently held enforceable").  Thus, where a defendant has made a "knowing and voluntary waiver" of his right to appeal or otherwise challenge his sentence, that waiver is enforced.  United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009); see also United States v. Leniear, 574 F.3d 668, 672 & n.3 (9th Cir. 2009) (recognizing that the right to challenge a sentence through "collateral attack" is "subject to a knowing and voluntary waiver").

Where a defendant has received ineffective assistance of counsel in negotiating a plea agreement or in entering a plea, however, the waiver of rights to challenge a certain sentence may not be enforced.  "A defendant who executes a waiver may sign away the right to appeal, but he or she does not sign away the right to the effective assistance of counsel."  Campusano v. United States, 442 F.3d 770, 777 (2d Cir. 2006).  More generally, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, here, the plea agreement."  Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002).

Nunez waived his right to challenge his sentence through post-conviction collateral review.  His execution of the Agreement, as confirmed in the allocution during the entry of his plea of guilty, was both knowing and voluntary, and Nunez does not contend otherwise.  Moreover, Nunez does not suggest that his counsel's representation was defective in connection with either the negotiation of the Agreement or the entry of the plea, and does not otherwise challenge "the constitutionality of the process by which he waived his right to appeal" or challenge his sentence.  Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (citation omitted); see id. ("An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel." (citation omitted)).  The Agreement's waiver of Nunez's right to litigate his guidelines sentence is thus enforceable and bars this petition.

In any event, Nunez has not shown that his counsel at the time of sentence was ineffective, or that the sentence would have been any different if the additional materials presented with this petition had been added to the defendant's sentencing submissions.  Nor has he shown that the Court made a decision at sentence "in a manner that the plea agreement did not anticipate."  Woltmann, 2010 WL 2652470, at *3 (citation omitted).  Nunez stipulated through the Agreement that a

6

sentence within the guidelines range was reasonable; the Court explicitly considered the Section 3553(a) factors in imposing the sentence; and the Court imposed a sentence at the lowest end of the sentencing guidelines range.

## CONCLUSION

Nunez's petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Nunez has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close this case and to send appeal instructions to the petitioner.

SO ORDERED:

Dated:   New York, New York
         August 2, 2010

                                         _____
                                              DENISE COTE
                                         United States District Judge

sentence within the guidelines range was reasonable; the Court explicitly considered the Section 3553(a) factors in imposing the sentence; and the Court imposed a sentence at the lowest end of the sentencing guidelines range.

## CONCLUSION

Nunez's petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Nunez has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to close this case and to send appeal instructions to the petitioner.

SO ORDERED:

Dated:   New York, New York
         August 2, 2010

_____
DENISE COTE
United States District Judge